**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:15-CV-80376-ROSENBERG/BRANNON**

ORAL WINT & GAIL WINT,

      Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's Motion to Dismiss [DE 12]. The Motion has been fully briefed by both sides.  For the reasons set forth below, the Motion is granted and Plaintiffs' Complaint is dismissed with prejudice.

Plaintiffs were the defendants in a state foreclosure action initiated in July of 2010 in the Fifteenth Judicial Circuit of Florida.[1]  A final judgment was entered in that foreclosure action on October 8, 2013. On October 28, 2013, Plaintiffs filed an appeal in the Florida Fourth District Court of Appeal.  The appellate court affirmed the trial court's ruling on December 18, 2014.  On January 26, 2015, Plaintiffs filed a motion for rehearing, and the motion was denied on March 6, 2015.  Soon thereafter, Plaintiffs commenced the instant suit asking this Court, *inter alia*, to reverse the summary judgment entered against Plaintiffs in the Fifteenth Judicial Circuit, which was ultimately affirmed by the Fourth District Court of Appeal, and to allow this case to be

---

[1] Because of the substantial interplay of the Plaintiffs' foreclosure action with the facts and circumstances of the instant case and because the foreclosure action is relevant to the Court's determination of subject matter jurisdiction, the Court takes judicial notice of the Plaintiff's foreclosure action, 502010CA01829XXXXMB, as well as Plaintiffs' appeal. *See, e.g.*, *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another

retried in a federal forum.

Defendant argues that this case should be dismissed under the *Rooker-Feldman* doctrine. The Court finds this argument persuasive, as more fully set forth below, and as a result the Court does not address Defendant's other arguments for dismissal.

Federal review of state-court judgments may only occur in the United States Supreme Court.  28 U.S.C. § 1257(a); *see also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305 (S.D. Fla. 2011) (considering a case with analogous arguments).  Therefore, this Court lacks jurisdiction to review final state-court judgments.  Defendant argues that Plaintiffs' claims seek review of Plaintiffs' final state-court foreclosure judgment.  The *Rooker-Feldman* doctrine encapsulates and delineates the rule that district courts may not review final state-court judgments, and the doctrine precludes review of claims that are "inextricably intertwined" with state judgments.  *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).  However, where a party did not have a "reasonable opportunity to raise [a] federal claim in state proceedings" the doctrine does not apply.  *Id.*  In such a situation, a plaintiff's claims are not considered to be inextricably intertwined with the state court judgment.  *See Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996).

Notably, the Eleventh Circuit and many district courts have applied the *Rooker-Feldman* doctrine to dismiss actions where a plaintiff was seeking, in reality, to challenge state-court foreclosure judgments.  *See, e.g.*, *Parker v. Potter,* 368 F. App'x 945, 947-48 (11th Cir. 2010) (rejecting under *Rooker-Feldman* a federal claim under the Truth in Lending Act that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan,* 298 F. App'x 890,

---

court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.").

892-93 (11th Cir. 2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker-Feldman*); *Harper v. Chase Manhattan Bank,* 138 F. App'x 130, 132-33 (11th Cir. 2005) (dismissing federal TILA, Fair Debt Collection Practices Act, and Equal Credit Opportunity Act claims under *Rooker-Feldman* because they were inextricably intertwined with a state-court foreclosure proceeding); *Aboyade Cole Bey v. Bank Atl.,* 2010 WL 3069102, at *2 (M.D. Fla. 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker-Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); *Distant v. Bayview Loan Servicing, LLC,* 2010 WL 1249129, at *3 (S.D. Fla. 2010) ("Although plead as conspiracy claims ..., Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void. Under the *Rooker-Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter."); *Figuero*, 766 F. Supp. at 1320 (collecting and discussing the cases cited above).

Here, Plaintiffs purport to file claims under the Fair Debt Collection Practices Act ("FDCPA"), various federal rules and statutes, and certain general legal doctrines. The gravamen of Plaintiffs' allegations is a challenge against the foreclosure of their underlying mortgage and the propriety of their foreclosure proceedings generally. Regardless of the legal theories Plaintiffs' individual claims are premised upon, each claim has a connection with Plaintiffs' mortgage and subsequent foreclosure. Plaintiffs' FDCPA claim is essentially raised against those who sought to foreclose upon Plaintiffs' home. Plaintiffs' breach of contract claim is based upon Defendant's ability to foreclose the agreement for deed as well as the promissory

note underlying Plaintiffs' former mortgage.  Plaintiffs' standing claim asserts that Defendant

did not have legal standing to foreclose on the property.  Finally, Plaintiff's fraud claim asserts

Defendant used fraudulent documentation to foreclose upon Plaintiffs' home.

After reviewing Plaintiffs' claims in the context of Plaintiffs' factual allegations, the

Court finds that Plaintiffs' contention is that the state foreclosure was improperly granted.  In

their Complaint Plaintiffs allege, *inter alia*, "The Defendant breached its contractual obligations

when it failed to allow Plaintiffs reasonable time and opportunity to cure their default" DE 1 at

10; "… the Defendant had no legal standing to foreclose on said property…" *Id.* at 10;

"[Defendant] also breached the contract with the [Plaintiffs] by failing to provide the original

promissory note and the mortgage contract to the lower court being that the authenticity was

questioned by the Plaintiffs"[2] *Id.* at 11; "… the Defendant has not performed all the

aforementioned conditions precedent before bringing this suit, to wit: complying with Fair Debt

Collection Act." *Id.* at 12.

Plaintiffs' response to Defendant's Motion to Dismiss is that their Complaint was meant

to invoke the extrinsic fraud exception to the *Rooker-Feldman* doctrine and, as a result, their

claims should survive.  For authority, Plaintiff cites to a case decided by the Ninth Circuit Court

of Appeals.  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004) ("*Rooker–Feldman*

therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of

action for extrinsic fraud on a state court….").  This Court is bound to apply the precedent of the

Eleventh Circuit Court of Appeals, however, and in this circuit an exception for extrinsic fraud

(to the *Rooker-Feldman* doctrine) is *not* recognized.  *Scott v. Frankel*, No. 14-14262, 2015 WL

---

[2] The Court construes that the parties in this paragraph were inadvertently reversed by Plaintiff and were intended to be read as corrected above.

1501613, at *3 n.4 (11th Cir. Apr. 3, 2015) ("It is true that some of our sister circuits have recognized an extrinsic-fraud exception to *Rooker-Feldman*.  But we have not, and we do not do so now.").     Therefore, the *Rooker-Feldman* doctrine applies to Plaintiffs' claims, notwithstanding their intent to invoke an extrinsic fraud exception to that doctrine.

There are no procedural bars to the application of the *Rooker-Feldman* doctrine to this case as this case was filed subsequent to Plaintiffs' final state court judgment. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Plaintiffs also ask to be relieved of debts and to "be made whole," [DE 1 at 18] essentially seeking damages that stemmed from the loss of their home.  The only way Plaintiffs could have been damaged was if the loss of their home was wrongful.  By entering judgment in favor of foreclosure, the state court has determined that foreclosure was proper.  Were judgment to be entered in this case in favor of Plaintiffs, it would necessarily follow that the state court foreclosure was in error and, as a result, this Court cannot grant Plaintiffs their requested relief without disturbing the Florida foreclosure judgment.  *See, e.g.*, *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150 (E.D.N.Y. 2010).  It is for state appellate courts and the United States Supreme Court to tell state courts that they are wrong.  *See Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011).  To the extent Plaintiffs seek monetary damages and do not seek to overturn the state court foreclosure judgment, this has no bearing on the Court's decision as damages would only be available where there was a wrongful foreclosure.  *See, e.g.*, *Rene v. Citibank*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999).  Finally, the Court finds that Plaintiffs did have reasonable opportunity to raise their claims the state court proceeding. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).

5

For the foregoing reasons, the Court finds that Plaintiffs' claims are inextricably intertwined with Plaintiffs' final state court foreclosure judgment and, as a result, the Court finds that it does not have subject matter jurisdiction over Plaintiffs' claims. Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss [DE 12] is **GRANTED**.

2. Plaintiffs' Complaint [DE 1] is **DISMISSED WITH PREJUDICE**.

3. All other pending motions are **DENIED AS MOOT**.

4. All pending deadlines and hearings are **TERMINATED**.

5. The Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 17th day of June, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

6